IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-32,389-03






EX PARTE GERALD D. DARTHARD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 19,622-B IN THE 140
TH JUDICIAL DISTRICT COURT


FROM LUBBOCK COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to robbery and was
sentenced to twenty years' imprisonment. 

 Applicant contends, inter alia, that he should have completely discharged his sentence before 
being released on mandatory supervision, that his mandatory supervision or parole was revoked
without due process, and that his time credits are being improperly calculated. Applicant has alleged
facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As
we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Correctional Institutions Division and
Parole Division, to file affidavits listing Applicant's sentence begin date, the dates of any releases to
parole and/or mandatory supervision, and the dates of issuance of any parole-revocation warrants
leading to the revocation of such parole or mandatory supervision. Finally, the affidavit should
indicate whether or not Applicant has submitted his claim to the time credit resolution system of
TDCJ, and if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. Art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly exhausted
his administrative remedies as required by Tex. Gov't. Code § 501.0081(b)-(c). The trial court shall
then make findings as to whether Applicant is receiving the proper amount of time credit for all time
spent in prison. The trial court shall also make findings as to the dates of and the reasons for any
revocations of Applicant's parole and/or mandatory supervision, and as to whether Applicant received
due process in any such revocation proceedings. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 26, 2007

Do not publish